**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

GUERDY JULES,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, Department of Homeland Security; JEREMY CASEY, Warden, Imperial Regional Detention Center; GREGORY J. ARCHAMBEAULT, San Diego Field Office Director, ICE Enforcement Removal Operations; TODD LYONS, Acting Director of ICE; TODD BLANCHE, Attorney General, Department of Justice; IMMIGRATION AND CUSTOMS ENFORCEMENT; and DEPARTMENT OF HOMELAND SECURITY,

Respondents.

Case No.: 3:26-cv-05635-BTM-DDL

**ORDER GRANTING IN PART AND DISMISSING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF NO. 1]**

//

//

//

Guerdy Jules, a noncitizen from Haiti, has petitioned the Court for the writ of habeas corpus, claiming that the Government violated the Fifth Amendment by arbitrarily detaining him without notice and opportunity to be heard. (ECF No. 1.) The Petitioner entered the country on August 27, 2022, was granted humanitarian parole, and was arrested on August 18, 2026, without notice of reasons for the revocation of parole.

The Government acknowledges that the Petitioner was released on parole, that the Court has granted petitions with similar facts and legal issues, and "does not oppose the petition and defers to the Court on the appropriate relief." (ECF No. 4.) The Government also stated that its counsel was informed by the Department of Homeland Security that the Petitioner "does not have a criminal history or any other derogatory information that would render them a danger to the community." (ECF No. 6, at 2.)

Accordingly, the Court grants the petition on the Petitioner's Due Process claim. The Court adopts its previous decision in *Tulyakov v. LaRose*, No. 26-cv-01695, 2026 WL 981218 (S.D. Cal. Apr. 13, 2026), to find that—in light of the *Mathews v. Elridge* factors—the Petitioner's liberty interest and the procedural protections afforded that interest outweigh the Government's enforcement interest. *See* 424 U.S. 319, 334–35 (1976). Moreover, the Government does not contend that any changed circumstances warranted Petitioner's redetention or that the Petitioner is a danger to the community or a flight risk.

Thus, the petition for a writ of habeas corpus is **GRANTED** and the writ is **ISSUED**. The Government shall immediately release Guerdy Jules from custody on any preexisting conditions. Should the Government attempt to revoke the Petitioner's parole in the future, it must provide the Petitioner a written revocation notice—issued by a statutorily authorized official—that provides individualized grounds for the termination of parole. The Government must also allow the Petitioner an opportunity to rebut the revocation of parole. *See Mendez-Ramirez v. Casey*, No. 26-cv-04513, 2026 WL 2824537, at *1 (S.D. Cal. Sept. 21, 2026); 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(e)(2); *see also Araujo v. LaRose*, No. 25-cv-2942, 2025 WL 3278016, at *2 (S.D. Cal. Nov. 24, 2025); *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1165 (S.D. Cal. 2025).

The Government shall provide reporting instructions to the Petitioner. The parties shall file a joint statement as to the satisfaction of the writ by October 26, 2026, at 5 p.m. The Court retains jurisdiction to enforce the writ. Because the Court grants the petition on the first claim, the Court declines to reach the merits of the Petitioner's other claims. Counts Two, Three, Four, and Five of the petition are **DISMISSED** without prejudice.

The Petitioner may move for an award of fees within thirty (30) days of the entry of this Order. The Government shall respond within fourteen (14) days of the filing of the motion and the Petitioner may reply within seven (7) days of the filing of the opposition.

**IT IS SO ORDERED.**

Dated: October 23, 2026

Honorable Barry Ted Moskowitz
United States District Judge